IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SUMMER ALAYAMINI**, on behalf of herself and all others similarly situated, | ) Case No.<br>)<br>) |
| Plaintiff, | ) **COLLECTIVE ACTION COMPLAINT**<br>)<br>) **JURY DEMAND ENDORSED HEREON** |
| vs. | )<br>) |
| **PUB GROUP 3 MANAGEMENT, LLC**, | )<br>) |
| Defendant. | ) |

Representative Plaintiff Summer Alayamini ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her collective action Complaint against Defendant Pub Group 3 Management, LLC ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA").

2. Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "Putative Collective").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Representative Plaintiff is an adult individual residing in Massillon, Ohio (Stark).

6. Within the three years preceding the filing of this Action, Representative Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis. Representative Plaintiff's written consent is attached as **Exhibit A**.

7. At all relevant times, Representative Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

8. Defendant Pub Group 3 Management, LLC is an Ohio for-profit limited liability company that can be served through its Ohio registered statutory agent: Chris Maggiore, 4788 Nobles Pond Drive NW, Canton, OH 44718 (Stark County).

9. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and the Putative Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTS

11. Defendant owns and operates approximately four (4) restaurants in Ohio.[1]

12. Defendant employs servers to provide services to its restaurant patrons.

13. Representative Plaintiff and the Putative Collective Members were employed as servers at Defendant's restaurants within the last three years.

14. Representative Plaintiff was employed as a server at Defendant's Belden Village location in Canton, Ohio, within the last three years.

---

[1] https://www.jerzeesgrille.com/#home-loc (last viewed 3/9/2023).

2

15. Defendant pays its servers, including Representative Plaintiff and the Putative Collective Members at an hourly rate below minimum wage.

16. By paying Representative Plaintiff and the Putative Collective Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows employers to count a portion of the amount servers receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

17. However, Defendant maintains a policy and practice whereby servers are required, during their regular shifts, to perform non-tip producing "side work" unrelated to the servers' tipped occupation, as well as non-tip producing side work related to the servers' tipped occupation.

18. Specifically, Defendant maintains a policy and practice whereby servers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, performing opening and closing duties, general cleaning of the restaurant, refilling condiments, and clearing tables.

19. While Representative Plaintiff and the Putative Collective Members were performing non-tip producing side work, Defendant continued to pay Representative Plaintiff and the Putative Collective Members less than minimum wage and relied on the tip credit to meet Defendant's obligation to pay Representative Plaintiff and the Putative Collective Members minimum wage.

20. Defendant's policy and practice of paying Representative Plaintiff and the Putative Collective Members the tipped minimum wage (or less than the allowed tipped minimum wage) while they were performing non-tip producing work violated the FLSA.

21. As such, Representative Plaintiff and the Putative Collective Members were not compensated appropriately at the minimum wage mandated by the FLSA.

22. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

23. Representative Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

24. The collective that Representative Plaintiff seeks to represent and for whom Representative Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Representative Plaintiff is also a member, is composed of and defined as follows:

> **All current and former servers employed by Defendant who were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

26. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
**(FLSA Minimum Wage Violations)**

27. Representative Plaintiff, on behalf of herself and the Putative Collective Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

29. At all times relevant, Representative Plaintiff and the Putative Collective Members have been employees of Defendant, and Defendant has been an employer of Representative Plaintiff and the Putative Collective Members within the meaning of the FLSA.

30. At all times relevant, Representative Plaintiff and the Putative Collective Members have been covered by the FLSA.

31. Defendant failed to pay Representative Plaintiff and the Putative Collective Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

32. Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA, because Defendant required Representative Plaintiff and the Putative Collective Members to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Representative Plaintiff and the Putative Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

33. Due to Defendant's violations of the FLSA, Representative Plaintiff and Putative Collective Members are entitled to recover from Defendant their unpaid minimum wages, liquidated damages equal in amount to the unpaid wages owed within three (3) years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the Putative Collective;

C. Award Representative Plaintiff and the Putative Collective actual damages for unpaid wages;

D. Award Representative Plaintiff and the Putative Collective additional damages in an amount equal to the amount of unpaid wages;

E. Award Representative Plaintiff and the Putative Collective pre-judgment and post-judgment interest at the statutory rate;

F. Award Representative Plaintiff and the Putative Collective attorneys' fees, costs, and disbursements; and

G. Award Representative Plaintiff and the Putative Collective further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
    hans@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff*